# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN FELIX-CORRALES,<br><br>                        Petitioner,<br>  vs.<br><br>UNITED STATES OF AMERICA,<br><br>                        Respondent. | CASE NOS. 13-CR-2683-H<br>               14-CV-1577-H<br><br>**ORDER DENYING PETITIONER'S MOTION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2255** |

On December 2, 2013, this Court sentenced Petitioner Juan Felix-Corrales ("Petitioner") to forty-one months in custody for attempting to illegally reenter the United States after deportation in violation of 8 U.S.C. § 1326(a) and (b). (Doc. No. 25.)[1] On June 30, 2014, Petitioner, proceeding pro se, filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. No. 27.) On August 4, 2014, the United States filed a response in opposition to Petitioner's motion. (Doc. No. 30.) On August 14, 2014, Petitioner filed a reply in support of his § 2255 motion. (Doc. No. 32.) The Court denies the motion for writ of habeas corpus.

///

///

---

[1] Document numbers in this Order refer to docket 13-cr-2683-H.

**Background**

On August 29, 2013, Petitioner pleaded guilty to a single-count information charging him with attempting to enter the United States as a deported alien in violation of 8 U.S.C. § 1326(a) and (b). (Doc. Nos. 9; 16.) Petitioner pleaded guilty pursuant to a written plea agreement that contained a waiver of his right to appeal or collaterally attack his sentence for any reason other than ineffective assistance of counsel. (Doc. No. 16.) On September 13, 2013, the Court accepted Petitioner's guilty plea. (Doc. No. 18.)

In accordance with the plea agreement, the United States recommended sixty-three months in custody, the low end of the sixty-three to seventy-eight months recommended by the advisory sentencing guidelines. (Doc. No. 22.) Petitioner asked the Court for a sentence of thirty-six months. (Doc. No. 23.) At the sentencing hearing, the Court heard from Petitioner and Respondent, considered the advisory sentencing guidelines and the 18 U.S.C. § 3553(a) factors, and sentenced Petitioner to forty-one months in custody, twenty-two months fewer than the advisory guidelines' low-end sentence of sixty-three months. (Doc. No. 25; 26.)

**Discussion**

**I.     Legal Standard for Petition for Habeas Corpus**

Section 2255 authorizes the Court to "vacate, set aside, or correct the sentence" of a federal prisoner on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a). To warrant relief under § 2255, a prisoner must allege a constitutional or jurisdictional error, or a "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 783 (1979) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).

## II.     Analysis

Petitioner contends he is entitled to relief under § 2255 because he intends to apply for United States citizenship and "would need [his] sentence corrected." (Doc. No. 27 at 3.) As support for his motion, Petitioner cites 8 U.S.C. § 1229b. (Doc. No. 32 at 2.) Section 1229b provides that the Attorney General may cancel the removal of certain permanent and nonpermanent residents who meet the statutory requirements. 8 U.S.C. § 1229b. Petitioner has not provided any legal argument or factual support for his claim that § 1229b provides grounds to challenge his § 1326 conviction or sentence. (See Doc. Nos. 27; 32.) Further, the Court is not aware of any way in which § 1229b establishes a constitutional or jurisdictional error in Petitioner's sentence, or a "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." Timmreck, 441 U.S. at 783. Accordingly, Petitioner has failed to demonstrate that relief under § 2255 is warranted. See id.

Additionally, as part of his plea agreement, Petitioner waived his right to challenge his sentence under § 2255. (Doc. No. 16 at 10-11.) The Ninth Circuit has upheld the enforceability of waivers in plea agreements like Petitioner's, reasoning that the right to appeal or collaterally attack one's sentence is derived by statute, and "[a] knowing and voluntary waiver of a statutory right is enforceable." United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993).

Petitioner's plea agreement states in relevant part:

> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, unless the Court imposes a custodial sentence above the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing.

(Doc. No. 16 at 10-11.) Here, the Court did not impose a sentence above the high end of the guideline range recommended by the United States. (See Doc. No. 26.) Pursuant

to the plea agreement, the United States recommended the Court sentence Petitioner to sixty-three months in custody, the low end of the sixty-three to seventy-eight months recommended by the advisory guidelines. (Doc. No. 22.) The Court sentenced Petitioner to forty-one months after considering the advisory sentencing guidelines and the 18 U.S.C. § 3553(a) factors. (Doc. No. 26.) Because Petitioner has raised a claim other than ineffective assistance of counsel and the Court imposed a sentence of less than seventy-eight months, Petitioner has waived his right to appeal or collaterally attack his sentence. See Abarca, 985 F.2d at 1014.

In his plea agreement, Petitioner represented that his waiver of his right to appeal his conviction and sentence was knowing and voluntary, and Petitioner does not argue otherwise. (Doc. No. 16 at 12.) Petitioner also confirmed his waiver of the right to appeal to the Court during sentencing. At the sentencing hearing, Petitioner and Petitioner's counsel acknowledged that appeal had been waived. Accordingly, Petitioner waived his right to appeal or collaterally attack his sentence. See Abarca, 985 F.2d at 1014. Thus, even if Petitioner's § 2255 argument had merit, the Court would deny Petitioner's motion.

## Conclusion

For the reasons stated, the Court denies Petitioner's § 2255 motion. Additionally, the Court denies Petitioner a certificate of appealability. See 28 U.S.C. § 2253(c)(1)(A).

**IT IS SO ORDERED**.

DATED: November 5, 2014

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT